UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Margaret McEwen,** | ) | **CASE NO.  1:17 CV 100** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **American Airlines Group, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 7).  This case arises out of the termination of plaintiff's employment.  For the following reasons, the motion is GRANTED.

**Facts**

Plaintiff Margaret McEwen filed this Complaint against defendant American Airlines Group, Inc.[1] setting forth two claims for relief: Count One allege retaliatory termination in

---

[1] Defendant states that the correct identification of this entity is American Airlines, Inc.

1

violation of the FMLA. Count Two alleges sex discrimination. The Complaint alleges the following. Plaintiff is a 53 year old white woman who had been employed by defendant as a customer service agent since 2003. She was member of the union, the Communications Workers of America (CWA). As such, her employment was subject to a Collective Bargaining Agreement (CBA) between the union and defendant. Plaintiff suffers from an illness which required her to take FMLA leave between January 4, 2015 and April 6, 2015. She thereafter returned to work. On May 25, 2015[2], plaintiff's manager accused plaintiff of having alcohol on her breath. A breath test revealed that plaintiff had a BAC of about .061. Plaintiff was removed from duty. Pursuant to company policy, derived from independent federal regulations and listed in the plaintiff's CBA, a first confirmed positive alcohol test will not automatically result in termination of employment. Plaintiff had no prior positive alcohol test and yet was terminated on June 4, 2015. Additionally,

> Based upon information and belief, prior to plaintiff's termination, other [of defendant's] employees, plaintiff's co-worker male pilots, have not been terminated on first alcohol related policy violation incidents during plaintiff's tenure.
>
> There is no plausible excuse for the termination of a female customer service agent but not a male pilot who is caught violating the defendant's drug and alcohol policy. The only inferable motivation is the defendant employer's preference to retain male pilots under the circumstances of their engaging in one single violation of the drug and alcohol policy, conduct which amounts to discrimination based upon gender...

(Compl ¶¶ 10,11). Plaintiff grieved the termination with the union, but it was denied. During Step 2 of the grievance process, defendant indicated that it was resentful that plaintiff had taken FMLA leave.

---

[2] Although the Complaint states May 25, 2016, it is presumed that plaintiff intended 2015 given the other allegations that she took leave in 2015 and was terminated in 2015.

2

This matter is now before the Court upon defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

**Standard of Review**

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir.1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570;

*Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

### **Discussion**

Defendant moves to dismiss the sex discrimination claim because plaintiff alleges that male pilots were treated more favorably. However, because customer service agents and pilots are not similarly situated, plaintiff fails to state a claim.

It is well-established that to establish a prima facie case of sex discrimination, a plaintiff must show that: (1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) similarly situated non-protected employees were treated more favorably. *Peltier v. United States*, 388 F.3d 984, 987 (6th Cir. 2004). As plaintiff acknowledges, to establish that an employee is similarly situated, a plaintiff must show that "that all of the relevant aspects of her employment situation were nearly identical to those of the comparator; that is, that the comparator dealt with the same supervisor, was subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish her conduct or the employer's treatment of her for it." *Mencarelli v. Alfred Williams & Co.,* 656 Fed. Appx. 80 (6th Cir. 2016)(*citing Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998)).

As for pleading, other courts have recognized that "for Title VII claims, the plaintiff is not required to establish a prima facie case to withstand a motion to dismiss for failure to state a claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-14 (2002). The Sixth Circuit has

continued to apply *Swierkiewicz's* holding even after the Supreme Court's decisions in *Twombly* and *Iqbal*. *See Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)." *Clemons v. City of Memphis*, 2016 WL 7471412 (W.D.Tenn. Dec. 28, 2016). "Consequently, so long as a plaintiff's complaint provides a defendant with fair notice of the basis of his claims, and an adequate factual basis for those claims, a plaintiff's claim of employment discrimination will survive a motion to dismiss." *Id.* (citing *Swierkiewicz*, other citations and internal quotations omitted).

Here, however, plaintiff has not merely failed to allege that similarly situated male employees were treated more favorably, but she has pled facts that male pilots were treated better. As defendant maintains, two employees with different job titles and responsibilities are not similarly situated. Courts recognize as much. *See Mancarelli, supra.* ( "Even if a younger employee engaged in substantially similar conduct, the younger employee, who had a different job title, duties, and responsibilities, was not similarly situated."); *Rutherford v. Britthaven, Inc.,* 452 Fed.Appx. 667 (6th Cir. 2011) ("Moreover, employees with different job responsibilities may not be similarly situated.); *Russell v. Ohio, Dep't of Admin. Servs.*, 302 Fed.Appx. 386, 391 (6th Cir.2008) (finding employees not to be similarly situated in part because they had different job duties); *Campbell v. Hamilton Cty.*, 23 Fed.Appx. 318 (6th Cir. 2011) ("Differences in job title and responsibilities, experience, and disciplinary history may establish that two employees are not similarly situated.")) Clearly, pilots and customer service agents have different job titles, duties, and responsibilities.

Plaintiff asserts that her Complaint alleges that the two are similarly situated given that pilots and customer service agents are subjected to the same alcohol control policies as a matter

5

of company policy and federal law. Plaintiff refers to paragraphs 7 and 9 of the Complaint:

> 7. Pursuant to the company policy, derived from independent federal regulations, listed in the Plaintiff's CBA at Article 16(E) a first confirmed positive alcohol test will not automatically result in termination of employment.
>
> 9. At risk of being redundant, American Airlines drug and alcohol testing policy mirrors the minimum requirements for FAA safety sensitive crew member drug and alcohol testing found in 49 CFR Part 40 *et seq.* which do not require automatic termination of a person working as a customer service agent (a non-flying and non-maintenance or security safety sensitive position) for an airline if they are found to have a positive blood or breath alcohol test over .020 BAC.  In fact, the Defendant's policy allows for reinstatement of employment if terminated after a first offense under the conditions presented in this case.

However, the Court agrees with defendant that the Complaint does not allege that customer service agents and pilots are subject to the same alcohol policy. Rather, the Complaint alleges that plaintiff was a member of the union, the Communications Workers of America, subject to a CBA.  The alcohol policy was "listed in the CBA" and, in fact, plaintiff grieved the termination through the union. Plaintiff did not allege that pilots are governed by the same CBA. The Complaint alleges that defendant's "alcohol testing policy mirrors the minimum requirements for FAA safety sensitive crew member[s]." However, pointing to 14 C.F.R § 120.215, defendant notes that commercial pilots are subject to federal regulations regarding alcohol use and testing that do not apply to customer service agents.  Indeed, that section defines "covered employees" to include those performing "safety-sensitive functions" including "flight crewmember duties" which would include pilots but does not include customer service agents. The federal regulations impose "consequences for [covered] employees engaging in alcohol-related conduct" but the regulations do not mandate defendant's treatment of customer service agents who have alcohol policy violations. 14 C.F.R § 120.221. Thus, the Complaint does not allege that customer service agents and pilots were subject to the

6

same alcohol control standards.  They are not similarly situated.

Defendant further contends that even assuming plaintiff had alleged that customer service agents and pilots were subject to the same policy regarding alcohol control standards, this would not make pilots and customer service agents similarly situated given that such a conclusion would effectively eviscerate case law holding that to be similarly situated, employees must be nearly identical in all relevant aspects of their employment. Obviously, pilots and customer service agents have completely different duties and responsibilities. However, if the defendant had a company-wide policy applicable to all employees governing alcohol testing and treated some males differently, the Court would be reluctant to dismiss the claim at this stage.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss Count II of Plaintiff's Complaint is granted.

IT IS SO ORDERED.


                                            /s/ Patricia A. Gaughan
                                            PATRICIA A. GAUGHAN
                                            United States District Judge

Dated: 3/27/17